FILED
18-0159
6/12/2020 3:13 PM
tex-43709833
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

# IN THE SUPREME COURT OF TEXAS

No. 17-1010

DAWN NETTLES, PETITIONER,

V.

GTECH CORPORATION, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS

~ *consolidated with* ~

No. 18-0159

GTECH CORPORATION, PETITIONER,

V.

JAMES STEELE, ET AL., RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS

CHIEF JUSTICE HECHT, joined by JUSTICE GREEN and JUSTICE BLACKLOCK, concurring in part and dissenting in part.

As authorized by statute,[1] the Texas Lottery Commission contracted with GTECH to assist with the production and distribution of lottery tickets. The Commission did not restrict GTECH's discretion to do its job—Why else hire a consultant?—but reserved absolute control over all final decisions, both by statute[2] and by contract.[3] GTECH proposed a Fun 5's scratch-off game card with nine squares in a tic-tac-toe matrix and two separate boxes, one marked "PRIZE" and the other "5X BOX". Instructions printed on the card stated: "Reveal three '5' symbols in any one row, column or diagonal, win PRIZE in PRIZE box. Reveal a Money Bag [picture] symbol in the 5X BOX, win 5 times that PRIZE." As proposed by GTECH, a money bag symbol was included only on winning cards, but the Commission directed GTECH to include the symbol on non-winning cards so that one could not tell by microscratching that box whether the card was a winner. GTECH complied, as it was obligated to do. Plaintiffs sued the Commission and GTECH for fraud, claiming that the instructions misled them to expect five times the prize whenever the money bag symbol was in the 5X box, even if the ticket did not also show three 5's in a row. Plaintiffs also sued GTECH for aiding and abetting, and conspiring with, the Commission in its fraud.

The Commission has governmental immunity from suit. GTECH argues that it should share that immunity derivatively because it acted solely for the Commission. The Court rejects that argument because the Commission did not tell GTECH "what to do and how to do it". Of

[1] TEX. GOV'T CODE § 466.014(b) ("The [Texas Lottery Commission] executive director may contract with or employ a person to perform a function, activity, or service in connection with the operation of the lottery as prescribed by the executive director.").

[2] *Id.* § 466.014(a) ("The commission and executive director have broad authority and shall exercise strict control and close supervision over all lottery games conducted in this state to promote and ensure integrity, security, honesty, and fairness in the operation and administration of the lottery.").

[3] The contract provided: "Final decisions regarding the direction or control of the Lottery are always the prerogative of the Texas Lottery in its sole discretion. . . .".

course not. The Commission hired GTECH as an expert, not a drone. But neither did the Commission hire GTECH to run the lottery. The Commission runs the lottery. If GTECH's counsel was faulty, it is for the Commission to complain, not the plaintiffs. (The Commission supports GTECH.) The plaintiffs claim they were misled by the Fun 5's game cards and instructions. The Commission always had total control, contractually and statutorily, of the cards and instructions, and whether and how to offer the game to the public. GTECH had none. The Commission is immune from suit for fraud. The Court holds that GTECH is not.

The Court claims support for its decision in *Brown & Gay Engineering, Inc. v. Olivares*.[4] There, plaintiffs sued a government toll road authority's outside engineer, complaining that a toll road exit ramp was improperly designed to allow an intoxicated driver to enter and drive on the road the wrong way. We concluded that the engineer was not so controlled by the toll road authority as to share in the authority's governmental immunity. The toll road authority did not control the engineer's work. Neither, in the present cases, did the Commission control GTECH's work. But the toll road authority in *Brown & Gay* also did not control the ramp design, and here, the Commission absolutely controlled the lottery game. The plaintiffs' complaint in *Brown & Gay* was about the engineer's design. The plaintiffs' complaint here is about the Commission's game. The plaintiffs argue that GTECH should have advised the Commission to change the instructions. But even if GTECH should have done so, the final decision was unquestionably the Commission's.

The Court concludes that extending immunity from suit to GTECH for fraud would not serve the immunity doctrine's purposes, principally, to keep the judiciary out of legislative and executive affairs, and to protect taxpayers from some of the expense of faulty governmental

---

[4] 461 S.W.3d 117, 129 (Tex. 2015).

decisions. But today's decision disserves those purposes. It authorizes courts to tell the Commission, a state agency, how to run its business. From now on the agency must choose between telling its advisor every move to make and thereby depriving itself of needed expertise, or allowing its expert discretion to provide counsel and thereby paying for litigation costs in the form of higher consulting contract prices that it would not otherwise incur.

Today's lesson is that if the government acts only through its own employees, it is immune from suit, but if it consults experts before it acts, it is still immune from suit but the experts are not, except that the experts are immune from suit for helping the government defraud but not for giving the government advice that it uses to defraud. And there you have it.

JUSTICE BOYD pronounces that "sovereign immunity only protects the sovereign", though he has "no problem" with the sovereign giving immunity to another governmental (or even nongovernmental) entity, or with a qualified immunity for non-government employees acting as government agents, or even with a government-contractor defense to protect a party against liability for its non-negligent work under government direction and control as long as the defense can only be asserted in the presentation of the merits of the case and not at the outset, like immunity. In other words, government agents and contractors should have no more liability than the government, they just have to spend more on litigation to get there.

GTECH had a hand in the Fun 5's game, but the voice approving it was the Commission's. The Commission controlled the outcome plaintiffs complain of, and GTECH should share its immunity. I join Part III of the Court's opinion holding that GTECH is immune from suit for aiding and abetting and conspiracy, but I respectfully dissent from the rest.

Nathan L. Hecht
Chief Justice

Opinion delivered: June 12, 2020

# Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below:

Envelope ID: 43709833
Status as of 06/12/2020 15:17:11 PM -05:00

Associated Case Party: GTECH Corporation

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Bernick | 24078227 | mbernick@reedsmith.com | 6/12/2020 3:13:28 PM | SENT |
| Arturo Munoz | | amunoz@reedsmith.com | 6/12/2020 3:13:28 PM | SENT |

Case Contacts

| Name |
|---|
| Nina Cortell |
| Denise Stilz |
| Michelle Meuhlen |
| Kent Rutter |
| Jason NealJordan |
| Janet Neal |
| Richard LaGarde |
| Kenneth E. Broughton |
| William Webb |
| Daniel H. Byrne |
| Manfred Sternberg |
| Andrew George Khoury |
| Leonard Cox |
| Blake Charles Erskine |
| Paul Morin |
| Christopher Scott Hamilton |
| John Read |
| Leroy Scott |
| Olegario Garcia |
| Henderson L. Buford |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below:

Envelope ID: 43709833
Status as of 06/12/2020 15:17:11 PM -05:00

Case Contacts

| William Martin Pratt | 24005118 | lawofficeoffice@yahoo.com | 6/12/2020 3:13:28 PM | SENT |
|---|---|---|---|---|
| Richard W. Mithoff | 14228500 | rmithoff@mithofflaw.com | 6/12/2020 3:13:28 PM | SENT |
| Joseph Wesley Dauphinot | 793584 | wes@dauphinotlawfirm.com | 6/12/2020 3:13:28 PM | SENT |
| Kevin Philip Parker | 15494020 | kpp@lanierlawfirm.com | 6/12/2020 3:13:28 PM | SENT |
| Christopher Lee Gadoury | 24034448 | chris.gadoury@lanierlawfirm.com | 6/12/2020 3:13:28 PM | SENT |
| Eugene W. Brees | 2947500 | cbrees@nationaltriallaw.com | 6/12/2020 3:13:28 PM | SENT |
| James Dean Hurst | 10315250 | jdhurst@sbcglobal.net | 6/12/2020 3:13:28 PM | SENT |
| W. Mark Lanier | 11934600 | jrm@lanierlawfirm.com | 6/12/2020 3:13:28 PM | SENT |
| Jason LaFond | | jason.lafond@oag.texas.gov | 6/12/2020 3:13:28 PM | SENT |
| clerk clerk | | clerk@hamiltonwingo.com | 6/12/2020 3:13:28 PM | SENT |
| Mike Hatchell | | mike.hatchell@haynesboone.com | 6/12/2020 3:13:28 PM | SENT |
| Chris Knight | | chris.knight@haynesboone.com | 6/12/2020 3:13:28 PM | SENT |
| Maria Williamson | | maria.williamson@oag.texas.gov | 6/12/2020 3:13:28 PM | SENT |
| John T.McDowell | | jtm@houstontrialattorneys.com | 6/12/2020 3:13:28 PM | SENT |
| Jerry B.Register | | registerjb@outlook.com | 6/12/2020 3:13:28 PM | SENT |
| Andrea L.Fitzgerald | | afitzgerald@hamiltonwingo.com | 6/12/2020 3:13:28 PM | SENT |
| Kacy JoyShindler | | ks@houstontrialattorneys.com | 6/12/2020 3:13:28 PM | SENT |
| Arturo Munoz Holguin | | amunoz@reedsmith.com | 6/12/2020 3:13:28 PM | SENT |